IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| HOWARD WOOD, | CV 05-706-HU |
|     Plaintiff, | ORDER |
| v. | |
| ALLIS CHALMERS CORPORATION PRODUCT LIABILITY TRUST, et al., | |
|     Defendants. | |

**BROWN, Judge.**

Magistrate Judge Dennis James Hubel issued Findings and Recommendation (#26) on August 24, 2005, in which he recommended the Court grant Plaintiff's Motion to Remand (#12). The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b).

1 - ORDER

The parties did not file any objections to the Magistrate Judge's Findings and Recommendation. This Court, therefore, is relieved of its obligation to review the record *de novo*. *Britt v. Simi Valley Unified School Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). *See also Lorin Corp. v. Goto & Co.*, 700 F.2d 1202, 1206 (8th Cir. 1983). Having reviewed the legal principles *de novo*, the Court does not find any error.

Although the Judicial Panel on Multidistrict Litigation entered a conditional transfer order (CTO) transferring this case to the Eastern District of Pennsylvania for coordinated trial proceedings while the Motion to Remand was pending, Plaintiff filed a timely notice of opposition to the CTO. If the Panel receives a notice of opposition, the CTO is not transmitted to the transferee district until further order of the Panel. Panel Rule 7.4(c).

In any event, the Court notes since the asbestos multidistrict litigation (MDL) was established in 1991, dozens of district courts have granted motions to remand after the MDL Panel has issued CTOs. *See, e.g., Knutson v. Allis-Chalmers Corp.*, 359 F. Supp. 2d 983, 987-88 (D. Nev. 2005)(the court addressed and granted the plaintiff's motion to remand after the MDL Panel issued a CTO to the transferee court, which was opposed by the plaintiff); *Morgan v. Asbestos Defendants*, No. C 02-05761 WHA, 2003 WL 945987 (N.D. Cal. Feb. 28, 2003); *Teague v. Bell*

*Helicopter Serv., Inc.*, No. 4:03-CV-004-A, 2003 WL 21135481 (N.D. Tex. Feb. 12, 2003); *Freiberg v. Swinerton & Walberg Prop. Serv., Inc.*, 245 F. Supp. 2d 1144 (D. Colo. 2002); *Arsenault v. Congoleum Corp.*, No. 01 Civ. 10657(LMM), 2002 WL 472256 (S.D.N.Y. Mar. 26, 2002). In addition, the MDL Panel encouraged the district court to resolve the issue of remand before it transferred the case to the MDL. *Vansura v. ACANDS*, 84 F. Supp. 2d 531, 533 (S.D.N.Y. 2000). Accordingly, this Court finds it has jurisdiction to decide the Motion to Remand even though the MDL Panel has issued a CTO.

## **CONCLUSION**

The Court **ADOPTS** Magistrate Judge Hubel's Findings and Recommendation (#26), **GRANTS** Plaintiff's Motion to Remand (#12), and **REMANDS** this matter to Multnomah County Circuit Court for the State of Oregon.

IT IS SO ORDERED.

DATED this 20th day of October, 2005.

/s/ Anna J. Brown
_____
ANNA J. BROWN
United States District Judge

Wood CV 05-706 F&R.10-19-05.wpd